

United States District Court
Southern District of Texas
FILED

JUN 2 5 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AMERICA CANTU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. **B-01-109** |
| v. | § | |
| | § | |
| AFC ENTERPRISES, INC. d/b/a | § | |
| CHURCHS CHICKEN, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to Local Civil Rule 81.1 and 28 U.S.C. §§ 1332, 1441 & 1446, Defendant AFC Enterprises, Inc. d/b/a Churchs Chicken ("AFC") files this Notice of Removal to this Court of the civil action filed against it by Plaintiff America Cantu, and on the basis of the following facts which show that this case is removable to this Court:

1. AFC has never been properly served with a copy of the Plaintiff's Original Petition filed on May 14, 2001 in the County Court at Law Number 3 of Cameron County, Texas (the "State Court"), Cause No. 2001-CCL-393-C styled *America Cantu v. AFC Enterprises, Inc. d/b/a Churchs Chicken.* However, AFC's third party claims administrator received a courtesy copy of Plaintiff's Original Petition on May 25, 2001.

2. AFC is a nonsubscriber to the Texas Workers' Compensation Act. Plaintiff's Original Petition alleges that Plaintiff was injured on or about May 29, 1999 while employed by AFC at one of its Churchs Chicken restaurants in Brownsville, Cameron County, Texas. *Plaintiff's Original Petition at ¶¶ 7-8.*

3.      This Court has original jurisdiction over this civil action because the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different States. *28 U.S.C. § 1332(a)(1)*. It is facially apparent from Plaintiff's Original Petition that Plaintiff has alleged damages in excess of $75,000, including damages for pain and suffering, loss of consortium and mental anguish. See *Plaintiff's Original Petition at ¶¶ 12, 18*. Plaintiff is a citizen of the State of Texas and Defendant AFC is a Minnesota corporation with its principal place of business in Atlanta, Georgia.

4.      The time within which Defendant is required by 28 U.S.C. § 1446(b) to file this Notice of Removal has not yet expired, and the only Defendant, AFC, has joined in this removal.

5.      In accordance with 28 U.S.C. § 1446(a) and Local Rule 3(K), attached to this Notice of Removal is a copy of each document filed in the State Court, including any pleadings and any orders signed by the state court, but not including any discovery material, individually tabbed and arranged in chronological order according to the State Court's file date; a copy of the docket sheet; an index of matters being filed; and a list of all counsel of record, including addresses, telephone numbers, and parties represented. A copy of this Notice of Removal is also being filed with the State Court.

WHEREFORE, Defendant prays that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceeding in the State Court.

Respectfully submitted,

*/s/ Douglas Bracken*
Gary D. Sarles
Attorney-in-charge
Texas Bar No. 17651100
S.D. Bar No. 19735
Douglas C. Bracken
Texas Bar No. 00783697
S.D. Bar No. 22646

**SARLES & OUIMET, L.L.P.**
370 Founders Square
900 Jackson Street
Dallas, Texas 75202-4436
Telephone: (214) 573-6300
Telecopier: (214) 573-6306

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of June, 2001 a true and correct copy of Defendant's Notice of Removal was forwarded via Federal Express delivery to Plaintiff's counsel of record, Louis A. Sorola, Sorola & Garcia, P.L.L.C., 2355 Barnard Road, Suite A, Brownsville, Texas 78523.

*/s/ Douglas Bracken*
Douglas C. Bracken

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AMERICA CANTU, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **B-01-109** |
| AFC ENTERPRISES, INC. d/b/a CHURCHS CHICKEN, | § § § | |
| Defendant. | § § | |

## INDEX OF MATTERS FILED

**Document**

1. State Docket Sheet

2. Plaintiff's Original Petition

3. Defendant's Original Answer

4. List of Counsel of Record

5. Civil Cover Sheet

# CIVIL DOCKET

\* \* \* CLERK'S ENTRIES \* \* \*

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION | CASE NO. 2001-CCL-00393-C |
| --- | --- | --- | --- |
| | | | DATE OF FILING |
| | | | MONTH / DAY / YEAR |
| | | | 05 / 14 / 01 |
| AMERICA CANTU<br><br>VS<br><br>AFC ENTERPRISES, INC., DBA CHURCHES CHICKEN | (00447101) LOUIS S. SOROLA | (02)<br>SUIT ON DAMAGES | JURY FEE $<br><br>PAID BY |

| DATE OF ORDERS | COURT'S DOCKETS | PAPERS FILED - (CLERK'S FILE DOCKET) |
| --- | --- | --- |
| | | 05/14/01  ORIGINAL PETITION FILED |

NO. 2001-CCL-393-C

| | | |
|---|---|---|
| **AMERICA CANTU** <br> **Plaintiff,** | § § § | IN THE COUNTY COURT AT LAW |
| V. | § § § | NO. _____ |
| **AFC ENTERPRISES, INC., D.B.A.** <br> **CHURCH'S CHICKEN** <br> **Defendant.** | § § | CAMERON COUNTY, TEXAS |

FILED FOR RECORD
AT _____ O'CLOCK ___ M
MAY 14 2001
JOE G. RIVERA
CAMERON COUNTY CLERK
By_____ Deputy

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES America Cantu, hereinafter called Plaintiff, complaining of and about AFC Enterprises, Inc., d.b.a., Church's Chicken, hereinafter called Defendant, and for cause of action shows unto the Court the following:

RECEIVED
MAY 25 2001
GAB HOUSTON

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, America Cantu, is an Individual.

3. Defendant, AFC Enterprises, Inc., d.b.a., Church's Chicken, a corporation based in Texas, is organized under the laws of the State of Texas, and service of process may be effected upon said Defendant by serving the registered agent of the corporation, Teresa Blake, at 900 S.W. Freeway, Suite 400, Houston, Texas 77074, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over the parties because Defendant is a Texas resident.

6. Venue in Cameron County is proper in this cause.

### FACTS

7. On or about May 29, 1999, Plaintiff, America Cantu, was employed by the Defendant,

1



AFC Enterprises, Inc., d.b.a., Church's Chicken, in Brownsville, Cameron County, Texas.

8. On or about May 29, 1999, Plaintiff, America Cantu, was working for Defendant and was instructed by Defendant to lift a box of chicken from the floor.

9. Plaintiff asked the manager on duty, Ramon Sanchez, for assistance with lifting the box but he replied that he was too busy.

10. Plaintiff picked up the box of chicken and immediately felt pain in her lower back

11. Plaintiff continued to place the box on a shelf above her shoulder level and felt a pop and intense pain.

12. As a result of the above-stated facts, Plaintiff suffered serious and disabling bodily injuries.

13. Plaintiff attempted to return to work but management continued to require her to perform duties that were beyond her physical capabilities.

14. Defendant constructively discharged Plaintiff from her employment by forcing her resign her position.

15. At all times relevant to this law suit, Defendant, AFC Enterprises, Inc., d.b.a., Church's Chicken, was a non-subscriber to the Texas Worker's Compensation Act.

### AMERICA CANTU'S CLAIM OF NEGLIGENCE BY DEFENDANT

16 Defendant had the duty to provide Plaintiff with a safe working environment and Defendant breached that duty by the following negligent acts or omissions:

A. Ramon Santos instructing the Plaintiff to lift a box which was too heavy for Plaintiff to lift;

B. Ramon Santos' refusal to assist the Plaintiff in lifting the box;

C. Not furnishing the Plaintiff with safe and suitable equipment, machinery, implements, and appliances to lift the box;

D. Failing to instruct the Plaintiff on the proper method for lifting the box;

E. Failing to have safety meetings; RECEIVED

MAY 25 2001

2

F. Failing to provide written material regarding safety procedures;

G. Failing to provide annual or periodic reviews regarding safety procedures;

H. Failing to verify that Plaintiff knew or understood safety procedures;

I. Failing to establish and enforce safety rules.

17. Each of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages which are described below.

**DAMAGES FOR PLAINTIFF, AMERICA CANTU**

18. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, America Cantu, was caused to suffer serious and disabling bodily injuries, and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, America Cantu for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

RECEIVED

MAY 2 5 2001

3

I. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

J. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

K. Loss of Parental Consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

L. Loss of Parental Consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

M. Loss of Household Services in the past;

N. Loss of Household Services in the future;

O. Mental anguish in the past;

P. Mental anguish in the future;

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, America Cantu, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

RECEIVED
MAY 2 5 2001

4

Sorola & Garcia, P.L.L.C.

By: /s/
Louis S. Sorola
Texas Bar No. 00794990
2355 Barnard Rd., Suite A
Brownsville, Texas 78523
Tel. (956)504-2911
Fax. (956)544-7766
Attorney for Plaintiff
America Cantu

RECEIVED

MAY 25 2001

**COPY**

Citation for Personal Service - GENERAL          Lit. Seq. # 5.002.01

No. 2001-CCL-00393-C

THE STATE OF TEXAS

RECEIVED
MAY 25 2001

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: AFC ENTERPRISES, INC., DBA CHURCHES CHICKEN
REGISTERED AGENT: TERESA BLAKE
900 S.W. FREEWAY, SUITE 400
HOUSTON, TEXAS 77074

the DEFENDANT, GREETING:

You are commanded to appear by filing a written answer to the Plaintiff's ORIGINAL PETITION at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court At Law No. 3 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by LOUIS S. SOROLA (Attorney for Plaintiff or Plaintiff), whose address is 2355 BARNARD RD., SUITE A BROWNSVILLE, TEXAS 78521 on the 14th day of MAY, A.D. 2001, in this case numbered 2001-CCL-00393-C on the docket of said court, and styled,

AMERICA CANTU
vs.
AFC ENTERPRISES, INC., DBA CHURCHES CHICKEN

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 17th day of MAY, A.D. 2001.

JOE G. RIVERA, County Clerk
Cameron County
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By: _____, Deputy
ADRIANE DAZA

RETURN OF OFFICER

Came to hand the ____ day of _____, ____, at ____ o'clock ___.M., and executed (not executed) on the ____ day of _____, ____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____.

FEES serving 1 copy
Total....... $_____        Sheriff/Constable _____ County, Texas

Fees paid by: _____        By _____, Deputy

No. 2001-CCL-393-C

| | | |
|---|---|---|
| AMERICA CANTU, | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NUMBER 3 |
| | § | |
| AFC ENTERPRISES, INC. d/b/a | § | |
| CHURCHS CHICKEN, | § | |
| | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |



FILED FOR RECORD
AT _____ O'CLOCK ____ M
CAMERON COUNTY CLERK
By _____ Deputy

## DEFENDANT'S ORIGINAL ANSWER

Defendant AFC Enterprises, Inc. d/b/a Churchs Chicken files this its Original Answer to Plaintiff's Original Petition and would respectfully show the Court as follows:

### GENERAL DENIAL

Defendant denies each and every one of the allegations in Plaintiff's Original Petition and demands that Plaintiff prove those allegations by a preponderance of the evidence.

### DEFENSES

1. Plaintiff's claims, if any, are not properly before this Court, in that Plaintiff's Original Petition was filed in violation and breach of Plaintiff's written agreement, governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, to submit all disputes between her and Defendant to binding arbitration before a neutral arbitrator from the American Arbitration Association.

2. Defendant asserts that Plaintiff has failed to mitigate her damages, if any.

3. Defendant is entitled to an offset to any recovery awarded to Plaintiff for all payments made to Plaintiff in the form of wage-replacement benefits and for all medical bills and related expenses paid on her behalf by Defendant.

Defendant's Original Answer - Page 1

4. Further, Defendant would show that Plaintiff's own negligence was the sole cause of the accident and injury alleged by Plaintiff.

WHEREFORE, Defendant prays that this action be dismissed and Plaintiff ordered to submit her claims, if any, to the American Arbitration Association in accordance with her written arbitration agreement with Defendant, that Plaintiff be awarded a take-nothing judgment, that all costs of court be taxed against Plaintiff, and that Defendant be awarded any and all relief to which it is entitled.

Respectfully submitted,

*[signature: Douglas Bracken]*

Gary D. Sarles
State Bar No. 17651100
Douglas C. Bracken
State Bar No. 00783697

**SARLES & OUIMET, L.L.P.**
370 Founders Square
900 Jackson Street
Dallas, Texas 75202-4436
Telephone: (214) 573-6300
Telecopier: (214) 573-6306

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2001 a true and correct copy of Defendant's Original Answer was forwarded via certified mail, return receipt requested, to Plaintiff's counsel of record, Louis A. Sorola, Sorola & Garcia, P.L.L.C., 2355 Barnard Road, Suite A, Brownsville, Texas 78523.

*[signature: Douglas Bracken]*

Douglas C. Bracken

Defendant's Original Answer - Page 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AMERICA CANTU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| AFC ENTERPRISES, INC. d/b/a | § | |
| CHURCHS CHICKEN, | § | |
| | § | |
| Defendant. | § | |

## LIST OF COUNSEL OF RECORD

Louis A. Sorola, Esq.
Texas Bar No. 00794990
**Sorola & Garcia, P.L.L.C.**
2355 Barnard Road, Suite A
Brownsville, Texas 78523
Telephone: (956) 504-2911
Telecopier: (956) 544-7766
**Attorney for Plaintiff**
**America Cantu**


Gary D. Sarles
Texas Bar No. 17651100
S.D. Bar No. 19735
Douglas C. Bracken
Texas Bar No. 00783697
S.D. Bar No. 22646
**SARLES & OUIMET, L.L.P.**
370 Founders Square
900 Jackson Street
Dallas, Texas 75202-4436
Telephone: (214) 573-6300
Telecopier: (214) 573-6306
**Attorneys for Defendant**
**AFC Enterprises, Inc. d/b/a Churchs Chicken**

ClibPDF - www.fastio.com

JS 44 (Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
America Cantu

## DEFENDANTS
AFC Enterprises, Inc., d/b/a Churches Chicken

(b) County of Residence of First Listed Plaintiff __Cameron__
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U S PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
Louis A. Sorola, Esq.  (956) 504-2911
Sorola & Garcia
2355 Barnard Rd., Suite A, Brownsville, TX

Attorneys (If Known)
Gary D. Sarles, Esq.  (214) 573-6300
Sarles & Ouimet, LLP
900 Jackson, #370, Dallas, Texas  75202

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U S Government Plaintiff
- ☐ 2 U S Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 510 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 520 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 6/22/01
SIGNATURE OF ATTORNEY OF RECORD _(signature)_

FOR OFFICE USE ONLY
RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U S plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE. In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F R.C.P, which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party

IV. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.